**E-filed 3/22/06

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALLIED HEALTH ASSOCIATION, INC. and KENNETH P. CALLISON,<br><br>Plaintiffs,<br><br>v.<br><br>ARTHROCARE CORPORATION, and DOES 1 THROUGH 100 INCLUSIVE,<br><br>Defendants. | Case No. C 05-04276 JF<br><br>ORDER[1] DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION AND TO DISMISS ACTION OR STAY PROCEEDINGS PENDING ARBITRATION<br><br>[Docket No. 9, 12, 17] |

## I.  BACKGROUND

On July 12, 2005, Plaintiffs Allied Health Association, Inc. ("Allied") and Kenneth P. Callison ("Callison") filed a complaint against Defendants Arthrocare Corporation ("Arthrocare") and Does 1-50 in Santa Clara Superior Court. Plaintiffs allege three claims for relief: (1) breach of contract; (2) libel; and (3) slander. Plaintiffs request compensatory damages, exemplary damages, an award of pre-judgment interest at the highest rate permitted by law, and reasonable attorney fees.

The action arises from an alleged breach of a distribution agreement between Allied and

---

[1] This disposition is not designated for publication and may not be cited.

Arthrocare. On March 6, 2002, Allied entered into a written Distribution Agreement ("Agreement"), under which Allied had the exclusive right to market, sell, and distribute Arthrocare's products in the United States. Two subsequent amendments to the Agreement gave Allied exclusive distribution rights in several foreign countries.

The Agreement contains an arbitration clause, which provides as follows:

> **14. Arbitration:** If disputes, controversies or claims between the parties arise out of or relate to this Agreement or any breach thereof, both parties shall endeavor to obtain an amicable, out-of-court settlement. Such endeavor to reach an out-of-court settlement shall be deemed to have failed when one party advises the other party in writing that such endeavor has failed. When an endeavor to reach an out-of-court settlement has failed, the dispute shall be settled according to the rules of the American Arbitration Association by three arbitrators, one chosen by Allied one chosen by Arthrocare, and one chosen by the two arbitrators chosen by the parties. The place of arbitration will be in Santa Clara, CA. Procedural law of the State of California shall be applicable. The arbitration award shall be in writing. The court of arbitration shall also determine which party shall be responsible for, or in what proportion the parties shall be responsible for, the costs of the arbitration proceedings.

Agreement, ¶ 14.

The Agreement also provides that "all disputes" are to be resolved by the courts in California:

> **13. Governing law:** This Agreement will be governed by and interpreted in accordance with the laws of the State of California, without regard to conflicts of law provision thereof. Except as provided for in section 14, the parties shall submit all disputes which arise under this agreement and all contracts of sale Allied enters into concerning Products to state or federal courts located in the State of California for resolution. The parties acknowledge the aforesaid courts shall have exclusive jurisdiction over this Agreement, and specifically waive any claims which they may have that involve jurisdiction or venue, including but not limited to, forum non-conveniens.

Agreement, ¶ 13.

The Agreement requires Allied to purchase a "minimum of 75% of the upcoming quarter's forecast" for each of Arthrocare's products in that quarter. Agreement, ¶ 3. In the first half of 2004, Allied failed to meet the minimum purchase requirement. By letter dated July 13, 2004, Arthrocare terminated the Agreement. A month later, in a letter to Allied's customers, Arthrocare declared that the contract between Allied and Arthrocare had been terminated.

Plaintiffs filed this action in state court on July 12, 2005. Arthrocare removed the action to this court pursuant 28 U.S.C. § 1441(b) on the basis of diversity of citizenship. On November

9, 2005, Arthrocare filed a motion to compel arbitration and to dismiss the action or stay proceedings pending arbitration. Arthrocare filed amended motions on November 14, 2005 and December 2, 2005. The Court has considered the parties' briefs as well as the oral argument presented at the hearing on February 10, 2006. For the reasons set forth below, the motion to compel arbitration will be denied.

## II. DISCUSSION

The parties' dispute is governed by the Federal Arbitration Act ("FAA"), which applies to all written contracts involving interstate or foreign commerce and provides that arbitration agreements contained within such contracts "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. When an arbitration provision exists, the role of the federal court is limited to determining (1) whether the arbitration provision is valid and enforceable and, if so, (2) whether the provision encompasses the dispute at issue. *Chiron Corp. v. Ortho Diagnostic Systems, Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

Here, the parties' dispute centers on: (1) whether the Court has subject matter jurisdiction; (2) whether the arbitration clause requires binding arbitration; and (3) whether Plaintiffs' defamation claims fall within the scope of the arbitration clause.

**A. Subject Matter Jurisdiction**

Plaintiffs contend that any claims involving jurisdiction were waived when the Agreement was signed. In particular, Plaintiffs argue that the right to remove this case to federal court was contractually waived. Generally, removal is a "right" exclusively available to the defendant. *Victorias Mill. Co. v. Hugo Neu Corp.*, 196 F.Supp. 64 (S.D.N.Y. 1961). Any intent to waive the right to remove must be evidenced by "clear and unequivocal" action. *Rose v. Giamatti*, 721 F.Supp. 906, 922 (S.D.Ohio 1989) (citing *Bedell v. H.R.C. Ltd.*, 522 F.Supp. 732, 738 (E.D.Ky. 1981)). The Agreement does not explicitly limit a party's right to remove a case to federal court. Rather, the purpose of paragraph 13 appears to be to preclude any assertion that

jurisdiction or venue is improper in California.

**B. Construction of the Arbitration Clause.**

The arbitration clause does not explicitly provide for *binding* arbitration, and it is entirely unclear from the language of the clause that binding arbitration was intended. Arthrocare argues that as reasonably construed the clause does provide for binding arbitration, pointing out that claims are to be "settled" according to the Rules of the American Arbitration Association ("AAA"). However, Allied reasonably points out that the term "settled" normally implies a consensual resolution, and argues that such a construction is consistent with the clause's earlier language discussing amicable settlement.

Arthrocare contends that paragraph 13 expressly excludes disputes subject to paragraph 14 — the arbitration clause — from the jurisdiction of state or federal courts. Arthrocare thus argues that the only reasonable reading of paragraph 13 is that paragraph 14 provides for binding arbitration. However, paragraph 13 is not inconsistent with non-binding arbitration. Paragraph 13 merely indicates that with the exception of claims subject to the arbitration clause set forth in paragraph 14 — whatever that clause requires — all disputes must be brought in state or federal courts in California. The common-law rule of contract interpretation is that "a court should construe ambiguous language against the interest of the party that drafted it." *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 62 (1995). Here, Arthrocare drafted the Agreement. Accordingly, in the absence of evidence that Allied intended to waive its rights to a judicial forum and consent to binding arbitration, the court concludes that at most paragraph 14 provides for non-binding arbitration.

### III. ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that the motion to compel binding arbitration and to dismiss or stay the action is denied.[2]

---

[2] Arthrocare's motion seeks to compel *binding* arbitration. The Court makes no comment as to the merits of any future motion to compel non-binding arbitration under paragraph 14.

1

2   DATED 3/20/06

3

4   _____

5                                          JEREMY FOGEL
                                           United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

Case No. C 05-04276 JF
ORDER DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION ETC.
(JFEX2)

1  This Order has been served upon the following persons:

2  Bradley M. Corsiglia bmc@saucorlaw.com, paulette@saucorlaw.com

3  Patrick Edward Gibbs patrick.gibbs@lw.com, zoila.aurora@lw.com

4

5  Peter Todd Snow peter.snow@lw.com, sandy.nunes@lw.com

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

Case No. C 05-04276 JF
ORDER DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION ETC.
(JFEX2)