**E-Filed 5/6/2009**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALLIED HEALTH ASSOCIATION, INC. and KENNETH P. CALLISON, <br><br> Plaintiffs, <br><br> v. <br><br> ARTHROCARE CORPORATION, and DOES 1 THROUGH 100 INCLUSIVE, <br><br> Defendants. | Case No. C 05-04276 JF (RS) <br><br> ORDER[1] RE SUPPLEMENTAL BRIEFING <br><br> [Re: docket nos. 102 & 103] |

The instant action was brought by Plaintiffs Kenneth P. Callison and Allied Health Association, Inc. ("Allied") against Defendant ArthroCare Corporation ("ArthroCare"). Plaintiffs allege that ArthroCare improperly terminated a distribution agreement ("the Distribution Agreement") and committed acts of libel and slander in written and oral statements made to Allied's customers after the termination of the Distribution Agreement.

ArthroCare has moved for summary judgment on all claims and seeks to exclude the opinions of Allied's damages expert. After considering the moving and responding papers and the oral arguments made at the hearing on February 27, 2009, the Court concludes that

---

[1] This disposition is not designated for publication in the official reports.

supplemental briefing would aid the resolution of the pending motions. Accordingly, on or before May 13, 2009 the parties shall file briefs of no more than ten (10) pages[2] in length addressing whether ArthroCare's termination of the Distribution Agreement may be upheld, assuming the following:

    1. The provision governing termination for a failure to purchase the minimum number of products for the first half of 2004 was § 10 of the Distribution Agreement, not § 5 or § 6.

    2. The notice of termination provided by ArthroCare in July 2004 did not cite the correct termination provision.

    3. Allied breached the Distribution Agreement because it did not purchase a sufficient number of controllers for the first half of 2004, and the seventy free controllers owed under an earlier agreement did not count towards its purchase minimums for 2004.

    4. Allied's use of Dr. Caruso, failure to comply with FDA requirements, and/or its outstanding balance of approximately $10,000 at the time of the termination notice provided separate and independent grounds for termination, subject to the provisions of § 10 of the Distribution Agreement.

    5. The Distribution Agreement would not have renewed automatically in March 2005 because of Allied's failure to purchase the minimum number of products during the first half of 2004.

IT IS SO ORDERED.

DATED: May 6, 2009

_____
JEREMY FOGEL
United States District Judge

---

[2] No additional supporting exhibits or declarations are required. The factual record already before the Court will be sufficient to resolve the instant motions after receipt of the supplemental briefing. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) (court may grant summary judgment on any ground supported by the record).

1  This Order has been served upon the following persons:

2  A. Bryan Diaz    bryan.diaz@berliner.com
3  Bradley M. Corsiglia    bmc@cmalaw.net, vfernandez@cmalaw.net
4  Christine H. Long    christine.long@berliner.com, julie.willson@berliner.com
5  John Case    case@bensoncase.com
   Joseph E Dworak    jed@berliner.com
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28